HOUSTON, Justice.
Colonial Bank sought a declaratory judgment against Bank of Prattville to obtain funds to satisfy the principal owed on a debt secured by a second mortgage held by Colonial Bank on property that had been sold in a foreclosure sale, prejudgment interest, and attorney fees, from funds recovered by Bank of Prattville in a mortgage foreclosure sale. William T. DeRamus III, a cosigner of the note to Colonial Bank that was secured by Colonial Bank’s second mortgage, was permitted to intervene. The trial court, relying on general principles of the law of assignment, [1] entered a summary judgment in favor of Colonial Bank in the amount of $108,-350.63 ($69,525.82 as the full principal payoff of the second mortgage; $14,132.69 as attorney fees; and $24,692.12 as prejudgment interest at the rate of 12% from the date of foreclosure). Bank of Prattville appealed. We reverse and remand.
This appeal involves three tracts of land, tracts designated as the DeLoach Place, the Adams Place, and the Smith Place; mortgages executed by debtors in bankruptcy (“debtors”) on those three parcels to Colonial Bank, Bank of Prattville, and Farm Credit Bank of Texas[2] (“Farm Credit”); and a Chapter 11 bankruptcy reorganization. During the pen-dency of the Chapter 11 bankruptcy proceedings, Farm Credit, for value, assigned its mortgages to Bank of Prattville.
The following properly recorded mortgages were outstanding on the following tracts of land, when the United States Bankruptcy Court approved the debtors’ “Fifth Amended Chapter 11 Plan of Reorganization”:
First, second, and third mortgages held by Bank of Prattville on the DeLoach Place and the Adams Place; and first, third, and fourth mortgages held by Bank of Prattville on the Smith Place.
Bank of Prattville’s first mortgage secured an indebtedness of $199,000; its second mortgage secured an indebtedness of $90,-000; and its third mortgage secured an indebtedness of $165,000.
The debtors’ plan, which the bankruptcy court confirmed, provided, in pertinent part, that the debtors “will convey the property commonly known as the ‘DeLoach Place’ by fee simple deed to Sam Rucker, Sr., for the sum of $145,000.00. The Bank of Prattville will receive the aforesaid sales price in payment of its Mortgages.... The Bank of Prattville will release its existing Mortgages *19 on the ‘DeLoach Place.’”[3] The plan also provided that the debtors “will convey the property commonly known as the ‘Adams Place’ by fee simple deed to Sam Rucker, Sr., for the sum of $20,000.00_ The Bank of Prattville will release its existing Mortgages on the ‘Adams Place.’” The plan further provided that “The Bank of Prattville will execute a partial release from all of its Mortgages on the Debtors’ properties commonly described as the ‘Adams Place’ [and the] ‘DeLoach Place.’ ... The automatic stay as it relates to ‘Smith Place’ is lifted. Bank of Prattville and Colonial Bank may proceed with foreclosure.... Bank of Prattville will retain its Mortgage lien to the ‘Smith Place.’ ”
Before confirming the plan, the bankruptcy court had determined that the DeLoach Place had a value of $138,000 and that the Adams Place had a value of $18,000.
Bank of Prattville and Colonial Bank agreed, before the confirmation of the plan, “that the plan does not designate how [Bank of Prattville] applies the money [it received from the sale of the DeLoach and Adams Places].” (C.R.399.)
Bank of Prattville had first, second, and third mortgages on the DeLoach Place and the Adams Place, when it was paid $165,000 and was directed to “execute a partial release from all its mortgages” on the DeLoach Place and the Adams Place. The evidence shows that Bank of Prattville applied 1/3 of the $165,000 to each of its three mortgages. (C.R.317-18.) Based upon the record before us, we conclude that under existing Alabama law Bank of Prattville certainly could have done this, for neither the bankruptcy court nor the debtors expressed an election as to how the partial payments should be applied. In Lipscomb v. Tucker, 294 Ala. 246, 253, 314 So.2d 840, 845 (1975), this Court held:
“If a debtor owes two different debts to the same creditor, one debt being secured and the other being unsecured, the debtor has the right, at the time of payment, to direct the application of the partial payments. However, if the debtor does not direct the application of his partial payments to one or the other of the debts, then the creditor, at the time of payment, may elect to apply the payments to either of the debts. If neither debtor nor creditor expresses an election, it is presumed that the credit is to be applied most beneficially to the creditor, that is, to the most precarious debt or to the one least secured. Lee v. Southern Pipe and Supply Company, 283 Ala. 37, 214 So.2d 313 (1968).”
(Emphasis added.)
Under the rationale of the general rule recognized in Lipscomb v. Tucker, supra, we hold that the trial court erred in entering a summary judgment on the ground that as a matter of law the $165,000 sales price for the DeLoach Place and the Adams Place had to be applied to Bank of Prattville’s first mortgage and in awarding to Colonial Bank a judgment of $108,350.63.
Therefore, we reverse the judgment and remand the case for the trial court to determine the amount that was secured by Bank of Prattville’s first mortgage on the Smith Place at the time of foreclosure. On remand, the trial court is instructed to respect the manner in which Bank of Prattville elected to allocate the sales proceeds from the DeLoach Place and the Adams Place. The trial court is further directed to apply the sales proceeds from the Smith Place to the balance due on Bank of Prattville’s first mortgage, with any remaining proceeds to be applied to Colonial Bank’s second mortgage.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, KENNEDY, SEE, and LYONS, JJ., concur.
COOK, J., concurs in the result.

. For the reasons set forth in this opinion, the law of assignment referred to by the trial court in its order is not relevant to this case.

. The debtors in bankruptcy borrowed money from Federal Land Bank of New Orleans, giving it real estate mortgages as security for the loan. Federal Land Bank of New Orleans later assigned the mortgages to Federal Credit Bank of Texas.

. Sam Rucker, Sr., was a relative of the debtors.